


**Entered on Docket**
**December 17, 2010**

**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

Laub and Laub
Joe M. Laub, Esq. NBN #3664
630 E. Plumb Lane
Reno NV 89502
(775) 333-5282
courtdocs@lawlaub.biz
Attorney for the Debtor(s)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In Re

KENNETH R. RICKMAN
KENDAL J. RICKMAN

Debtor(s)./

Case No. BK-N 10-51979 gwz
Chapter 13
**STIPULATION AND ORDER ON MOTION TO VALUE LIEN**

Hearing Date: N/A
Hearing Time: N/A

IT IS HEREBY STIPULATED AND AGREED by and between the Debtors, Kenneth R. Rickman and Kendal J. Rickman, by and through their counsel, Joe M. Laub, Esq., and BAC Home Loans Servicing, LP, hereafter referred to as Creditor, by and through its' authorized agent, Daniel Nadalet, that the following can be entered as the Courts own findings and order:

1. Debtors filed for relief under Chapter 13 on May 24, 2010;
2. On November 10, 2010 the Debtors plan was duly confirmed;
3. Creditor has a junior lien secured on the Debtors residence;
4. The Residence is valued at $173,336.00;

5. The Senior Lien has a balance owing of approximately $200,633.56;

6. Creditors' lien is wholly unsecured.

**IT IS SO ORDERED AND ADJUDGED** as follows:

1. The parties have agreed to resolve the issue of a 'lien strip' by a stipulated order rather than a potentially contest matter.

2. The Court finds that the Debtor's residence, also referred to as the Subject Property, described as follows:

Address: 4760 Vista Mountain Dr., Sparks NV 89436

APN: 514-032-12

Legal Description:

[Type of Recording Jurisdiction]

LOT 99 IN BLOCK OF VISTA HEIGHTS SOUTH PHASE 3, ACCORDING TO THE MAP THEREOF, FILED IN THE OFFICE OF THE COUNTY RECORDER OF WASHOE COUNTY, STATE OF NEVADA, ON OCTOBER 28 1994, AS FILE NO. TRACT MAP NO. 3094.

to have a value of $173,336.00; the balance on the First Deed of Trust secured by the Subject Property is $200,633.56 as of the petition date;

3. The Court further finds that as a result of the above stated findings the junior lien held by BAC Home Loans Servicing, LP is completely under-collateralized;

4. As a result of the above finding the Court orders this claim to be treated as follows;

A. no interest is to be paid on this claim;

B. the claim is to be treated as an unsecured claim;

C. the lien created by this creditors deed of trust will remain of record until the debtors plan is completed and a Chapter 13 discharge entered; upon the entry of said discharge if this creditor does not reconvey its deed of trust, the Court will entertain an adversary proceeding to accomplish such;

D. Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold or should a refinance take place prior to the Chapter 13 Plan completion and entry of a Discharge;

E. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' case to any other Chapter under the United States Bankruptcy Code;

F. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 Plan and receipt of a chapter 13 Discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

IT IS FURTHER ORDERED THAT, should this case be converted to one under another chapter, 11 U.S.C. Section 348(f) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED THAT, should this case be dismissed, 11 U.S.C Sect. 349(b)(1)-(3) shall govern the continuing validity of this order; and

IT IS FURTHER ORDERED THAT nothing in this order shall be deemed to bar an allowance or disallowance of any claim of the Senior Lienholder or Junior Lienholder, and any party in interest, including the Debtor or the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

APPROVED TO FORM AND CONTENT

December 16, 2010

/s/Joe M. Laub, Esq.
Attorney for Debtors

PAUL WEBB
/s/~~Daniel Nadalet~~
Mortgage Loan Operations Manager
BAC Home Loans Servicing, L.P.

###



E. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' case to any other Chapter under the United States Bankruptcy Code;

F. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 Plan and receipt of a chapter 13 Discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

IT IS FURTHER ORDERED THAT, should this case be converted to one under another chapter, 11 U.S.C. Section 348(f) shall govern the continued validity of this order; and

IT IS FURTHER ORDERED THAT, should this case be dismissed, 11 U.S.C Sect. 349(b)(1)-(3) shall govern the continuing validity of this order; and

IT IS FURTHER ORDERED THAT nothing in this order shall be deemed to bar an allowance or disallowance of any claim of the Senior Lienholder or Junior Lienholder, and any party in interest, including the Debtor or the Trustee, may hereafter object to either claim on any ground recognized by the Bankruptcy Code.

APPROVED TO FORM AND CONTENT

December ____, 2010

/s/Joe M. Laub, Esq.
Attorney for Debtors

/s/Paul Webb
Mortgage Servicing Unit Manager
BAC Home Loans Servicing, L.P.

###